GANDÍA CÓRDOVA, RECURRENTE, *v.* EL REGISTRADOR DE ARECIBO,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Arecibo, inscribiendo con defecto subsanable un contrato de compraventa.

No. 345.—Resuelto en diciembre 7, 1917.

COMPRAVENTA—CONSENTIMIENTO, OBJETO Y CAUSA—ACEPTACIÓN.—En un contrato de compraventa cuyo objeto es el terreno y la causa su precio, hecho en escritura pública que firman las partes y en la que el notario da fe de los hechos relacionados y de haberla leído a los otorgantes, el consentimiento de las partes queda terminantemente establecido, y tal consentimiento, puesto que perfecciona el contrato, envuelve necesariamente la aceptación del mismo.

INSTRUMENTO PÚBLICO—FE DEL NOTARIO.—Es innecesario, como declara el artículo 17 de la Ley Notarial en sus palabras finales, *que el notario dé fe de cada cláusula separadamente,* siendo suficiente que certifique de todo lo contenido en el documento, por lo que tal expresión debe entenderse aplicable a toda la escritura.

Los hechos están expresados en la opinión.

El recurrente compareció en nombre propio.

El registrador interino recurrido, Sr. Herminio Miranda, no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Al serle presentada una escritura de compraventa, el Registrador de Arecibo denegó su inscripción por el defecto subsanable de que el contrato no había sido aceptado por el comprador.

El apelante, al contestar a esto, copia la cláusula final de la escritura, en la siguiente forma:

"Leído por mí íntegramente este instrumento a otorgantes y testigos, porque renunciaron su derecho a leerlo por sí, del que les advertí, se ratifican aquéllos en su contenido, y firman todos por ante mí, el notario, que de cuanto queda relacionado doy fe,"

y alega que esas frases de ratificación constituyen una aceptación expresa.

De un examen de la escritura en cuestión, encontramos que no sólo firmaron la escritura los vendedores, sino también

los compradores. La escritura expresa que el precio fué recibido de manos de los compradores por los vendedores y que los compradores fueron puestos en posesión del terreno específicamente descrito en ella.

El artículo 1058 del Código Civil dispone que las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes, y deben cumplirse al tenor de los mismos.

Los contratos están definidos en el libro IV, Título II, del Código Civil, y el artículo 1225 dispone que los contratos se perfeccionan por el mero consentimiento, y el 1228 enumera como condiciones esenciales de un contrato, consentimiento, objeto cierto, y causa o consideración. El artículo 1229 dice así:

"Artículo 1229.—El consentimiento se manifiesta por el concurso de la oferta y de la aceptación sobre la cosa y la causa que han de constituir el contrato.

"La aceptación hecha por carta no obliga al que hizo la oferta sino desde que llegó a su conocimiento. El contrato, en tal caso, se presume celebrado en el lugar en que se hizo la oferta."

El contrato que estamos considerando, hecho en escritura pública, tiene como objeto el terreno, y como causa su precio. No conocemos prueba más terminante del consentimiento que la firma de las partes en una escritura pública hecha ante notario. El notario en este caso expresa que las partes otorgan la escritura y que la misma les es leída, y da fe de los hechos relacionados. El consentimiento de las partes está terminantemente establecido. El consentimiento, puesto que perfecciona el contrato, envuelve necesariamente la aceptación del mismo. El artículo 17 de la Ley Notarial, en sus palabras finales, declara ser innecesario que el notario de fe de cada cláusula separadamente, siendo suficiente que certifique de todo lo contenido en el mismo, y que tal expresión se entienda aplicable a toda la escritura. Si los compradores no hubieran firmado la escritura sería quizás necesario que se consignara su aceptación de la misma, pero en

este caso ellos aparecen como una de las partes otorgantes de la escritura.

Convenimos con el apelante en que la ratificación puesta al final de la escritura constituye una aceptación expresa, empero, el perfeccionamiento del contrato por' el consentimiento de todos los otorgantes es también una aceptación. Siendo el contrato perfecto, estando en un documento público adecuado, y siendo un traspaso de derechos reales, era inscribible, sin defecto alguno, en virtud del artículo 2 de la Ley Hipotecaria. Ignoramos que exista ley alguna o reglamento que exija una aceptación más específica en casos de esta naturaleza.

La nota del registrador debe ser revocada.

> *Revocada la nota recurrida en la parte que lo ha sido.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.